UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERIT NETWORK, INC.,

       **Plaintiff,**                       CIVIL ACTION NO. 04-CV-70356-DT

   vs.                               DISTRICT JUDGE ARTHUR J. TARNOW

**NORLIGHT**                      MAGISTRATE JUDGE MONA K. MAJZOUB
**TELECOMMUNICATIONS, INC.,**

       **Defendant.**
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT UNDER RULE 15(d) AND AMEND SCHEDULING ORDER

Plaintiff Merit Network Inc. filed the instant contract action on January 30, 2004. Plaintiff's original complaint alleges damages resulting from a breach of a fiber optic circuit lease contract between Plaintiff and Defendant Norlight Telecommunications, Inc. On November 3, 2005 Plaintiff filed the instant Motion to Supplement Complaint seeking to add disputes that have arisen since the original complaint was filed, including a dispute regarding termination or cancellation liability for the fiber optic circuit leases.

Fed. R. Civ. P. 15(a) provides that "leave [to amend a complaint] shall be given freely when justice so requires." More specifically, Fed. R. Civ. P. 15(d) provides that the Court may:

> [P]ermit [a] party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Defendant filed its response to the instant motion on November 23, 2005. The Court heard

oral arguments on the motion on January 18, 2005. Defendant argues that the contract between the two parties contains a binding good faith negotiation clause, requiring the parties to "negotiate in good faith" before bringing a claim in federal court.

The Court need not address whether the contract contains a binding good faith negotiation clause, or whether that clause is susceptible to enforcement. Defendant, in its written response, conceded that negotiations concerning Plaintiff's supplemental claims took place in December, 2005. At the time of the January 18, 2005 hearing, the parties had not reached an agreement regarding Plaintiff's supplemental claims. Defendant did not, at that time, allege that Plaintiff had negotiated in bad faith. Inasmuch as a dispute remains after the parties have negotiated in good faith, the negotiation clause cannot bar Plaintiff from supplementing its Complaint. Therefore, the Court will enforce Fed. R. Civ. P. 15's liberal stance towards supplemental amendments, and **GRANT** Plaintiff's Motion to Amend. Plaintiff may file its Supplemental Complaint forthwith. Defendant will be permitted fifteen days from the date of this order to file its Answer.

Plaintiff's Motion also seeks a 90 day extension of the scheduling order. Defendant indicated in its written response and at oral argument that, if Plaintiff were allowed to supplement it complaint, Defendant would not oppose Plaintiff's request for an extension. Plaintiff's Motion is therefore **GRANTED.** The parties shall have until **MAY 15, 2006** to complete discovery. **IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: February 17, 2006         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 17, 2006                    s/ Lisa C. Bartlett
                                            Courtroom Deputy